UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff/Respondent, )<br>)<br>V. )<br>)<br>)<br>SHAWN M. RICE, )<br>)<br>  Defendant/Movant. ) | Criminal Action No. 2: 09-68-DCR<br>and<br>Civil Action No. 2: 12-7245-DCR-REW<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Shawn Rice's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 60] Having reviewed the parties' arguments together with the Recommended Disposition of United States Magistrate Judge Robert E. Wier [Record No. 66], the Court will deny the relief sought by Defendant Rice.

**I.**

Following a two-day trial, on December 9, 2009, a jury found Defendant Rice guilty of possessing a firearm after he had been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Rice was later sentenced to a term of imprisonment of 235 months for this crime.[1] [Record No. 42] At the time the underlying offense was committed, Rice was subject to an

---

[1] Defendant Rice erroneously states in his § 2255 motion that the length of the sentence imposed was 224 months. He also incorrectly lists the date of the judgment of conviction as being December 4, 2009. In fact, trial commenced on December 8, 2009, and concluded on December 9, 2009. [*See* Record Nos. 27, 28, 32, 50, 51.]

undischarged term of supervised release. Thus, his firearm conviction resulted in an additional, consecutive sentence of 24 months imprisonment for the supervised release violation.

After his conviction but prior to sentencing, the defendant filed a Motion for Judgment of Acquittal which challenged the sufficiency of the government's evidence presented during trial. [Record No. 35] However, the Court concluded that this argument was without merit. More specifically, the Court noted that,

> As this Court concluded previously, the evidence produced at trial by the United States was sufficient to support a finding as to all three elements of the offense charged in the indictment. During trial, the parties stipulated to the requisite element that the Defendant has a qualifying felony conviction. Further, the Defendant did not contest the United States' proof of interstate nexus of the firearm. With respect to the contested element of possession, the United States presented sufficient evidence that the Defendant actually possessed the firearm identified in the indictment on the date in question. The testimony of Covington Police Officer Mark Richardson, standing alone, supports the conclusion that Defendant Rice possessed a weapon on July 11, 2009. Officer Richardson testified that, as he pursued the Defendant, the Defendant placed in hands in the front of his shorts, giving the appearance that he was carrying a firearm. When the Defendant was eventually subdued, a firearm was found several inches from his feet. While counsel for Defendant Rice argued that other testimony indicated the firearm was located approximately six feet from the area where Rice fell to the pavement, this potential factual discrepancy was an issue for the jury to resolve.
>
> Other evidence offered by the United States also supports a conviction for the offense charged. This includes the testimony of witnesses describing a person fitting the Defendant's physical description and possessing a firearm in the general area where the Defendant was eventually located. This testimony, together with all the other evidence submitted by the United States, constitutes evidence that a reasonable jury could rely upon in determining whether the Defendant was guilty of possessing the firearm charged.

[Record No. 36]

On direct appeal, Rice challenged whether there was sufficient evidence that he possessed the subject firearm to sustain his conviction. However, he was unsuccessful in this effort.

[Record No. 53] And now that Rice's direct appeal has been exhausted, he seeks to raise a collateral challenge to another element that the government was required to prove to sustain a conviction under § 922(g)(1): that the firearm found in his possession had traveled in or affected interstate commerce. His arguments regarding this issue are also misplaced.[2]

During trial, the United States offered evidence sufficient to sustain a conviction under 18 U.S.C. § 922(g)(1). In advance of trial, the parties agreed to stipulate that the defendant had a qualifying felony conviction. Had the defendant failed or refused to stipulate regarding this issue, the government would have presented testimony and other evidence regarding Rice's qualifying convictions. Rice cannot establish that the decision to enter into this stipulation constitutes ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). In fact, he does not make such an assertion now. Instead, as previously noted, the focus of his ineffective assistance of counsel claim relates to the interstate nexus element. But this assertion is also unavailing.

The United States established the interstate nexus requirement through the testimony of Jesse Hooker, a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE"). Special Agent Hooker's testimony appears at pages 94 through 100 of the trial transcript. [Record No. 50] In relevant part, Special Agent Hooker testified regarding

---

[2] Rice raised four issues in his direct appeal to the Sixth Circuit. He argued that: (1) there was insufficient evidence to support his conviction; (2) this Court erred in admitting alleged hearsay evidence; (3) this Court erred in granting a motion to re-open evidence during a suppression hearing; and (2) this Court erred in enhancing his sentence under the Armed Career Criminal Act. The focus of his first claim was that there was insufficient evidence that he possessed the gun found near him at the time of his arrest. Regarding the issue of whether the gun had traveled in or affected interstate commerce, the Sixth Circuit determined that the argument had been waived by virtue of not being addressed in defendant's Rule 29 motion. [Record No. 53, p. 3]

his specialized training and experience concerning the interstate travel of firearms as well as the manufacture and origin of certain weapons and their transport across state lines. [*Id*., pp. 95-96] After explaining the manner in which he carries out his duties as an interstate nexus expert, Special Agent Hooker testified that he followed those same procedures in determining that the weapon found near the defendant at the time of his arrest has traveled in interstate commerce. Special Agent Hooker's opinion on this issue was not based solely on his examination of the ATFE database or publications prepared by others. Instead, his opinion was based, in part, on his physical examination of the weapon. [*Id.*, pp. 97, 98] And based on Special Agent Hooker's training, experience, and examination of the Ruger .9 millimeter semiautomatic pistol, he offered an opinion that the firearm was manufactured in Prescott, Arizona, and that it would have had to cross state lines prior to it being recovered in the Eastern District of Kentucky. [*Id*., p. 98][3]

## II.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record

---

[3] Contrary to the defendant's argument, Special Agent Hooker was not required to have examined the firearm at the time the indictment was returned.

and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Rice's § 2255 motion. Additionally, Rice has not shown that a Certificate of Appealability should issue.[4]

As outlined above, the United States presented evidence to support the elements necessary to obtain a conviction under 18 U.S.C. § 922(g)(1). Those elements include demonstrating that: (1) the defendant had a prior felony drug conviction; (2) the defendant knowingly possessed the subject firearm; and (3) the firearm traveled in or affected interstate commerce. *United States v. Campbell*, 549 F.3d 369, 374 (6th Cir. 2008). The first element was satisfied by virtue of the stipulation presented by the parties. There are sound strategy reasons for stipulating to this element of the offense. And unless the defendant is able to produce some evidence that the underlying prior conviction is invalid, the Court cannot conclude that the decision to enter into such a stipulation constitutes ineffective assistance of counsel.

Next, the government produced evidence that the defendant possessed the weapon in issue. In fact, this matter was addressed by this Court in denying the defendant's Rule 29 motions and by the Sixth Circuit in affirming this Court's determination. Finally, the trial

---

[4] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Rice has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

testimony of Special Agent Hooker supports the interstate nexus element of the offense. This determination effectively rebuts three of Rice's four arguments.[5]

The Court also agrees with the magistrate judge's conclusion that Rice's remaining argument — that his attorney provided ineffective assistance by failing to object to the law in relation to the facts of the case — has been waived. [Record No. 60, p. 4] As Magistrate Judge Wier noted in his Recommended Disposition, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations and internal quotation marks omitted). While the Court must liberally construe claims of *pro se* parties, this claim simply cannot be evaluated without resort to pure speculation.

### III.

Rice has not demonstrated that he is entitled to collateral relief under 28 U.S.C. § 2255. Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of Magistrate Judge Robert E. Wier [Record No. 66] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Shawn Rice's motion to vacate, set aside, or correct his sentence [Record No. 60] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

---

[5] This includes Rice's arguments that his trial attorney was ineffective for failing to: (i) argue that the United States did not prove all elements of the offense charged; (ii) request acquittal because the United States did not meet its burden of proof; and (iii) argue for acquittal because the United States did not meet its burden of proof regarding each element of the offense charged, thus preventing appellate review. These arguments are essentially different sides of the same coin.

3.       A Certificate of Appealability shall not issue.

This 16th day of April, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge