UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 09-068-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHAWN M. RICE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Shawn Rice was convicted of being a felon in possession of a firearm following a two-day jury trial in December 2009. On March 30, 2010, he was sentenced to 235 months' imprisonment, to be followed by five years of supervised release. [Record No. 42] The United States Court of Appeals for the Sixth Circuit affirmed Rice's conviction and sentence. His subsequent motion for relief under 28 U.S.C. § 2255 was denied. [Record Nos. 53, 68]

Rice has now filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 69] In support, he alleges that the COVID-19 precautions in place at his institution of confinement have a detrimental effect on his diagnoses of anxiety, left hand neuropathy, and glaucoma. However, the defendant's allegations do not constitute extraordinary and compelling circumstances warranting release as contemplated under § 3582(c)(1)(A). Additionally, the factors under 18 U.S.C. § 3553(a) do not weigh in favor of granting a sentence reduction.

**I.**

Prior to enactment of the First Step Act of 2018, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release on a prisoner's behalf.  *See* 18 U.S.C. § 3582(c)(1)(A) (2017).  Title 18 section 3582(c)(1)(A) now provides that

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

Based on the language of § 3582(c)(1)(A), a three-step test applies to deciding motions for compassionate release.  *United States v. Jones*, --F.3d--, 2020 WL 6817488, at *5 (6th Cir. Nov. 20, 2020) (citing *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020)).  First, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist.  *Ruffin*, 978 F.3d at 1006.  Second, the Court must consider any applicable policy statements found in the United States Sentencing Guidelines.  *Id.*  Finally, the Court must determine whether the factors under 18 U.S.C. § 3553(a) justify relief.  *Id.* at 1008.

Despite the three-step test, the Sixth Circuit has made clear that there is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own

---

[1]    Rice contends that he exhausted administrative remedies by submitting a compassionate release request to the Warden on October 8, 2020.  [*See* Record No. 69, p. 1]  According to Rice, more than 30 days passed without a response from the Warden.

behalf.  *Jones*, 2020 WL  6817488, at *8-9.  Accordingly, when dealing with motions filed by prisoners, the Court skips step two of the three-step analysis.  *Id.*

### A.  Extraordinary and Compelling Reasons

When an imprisoned person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 2020 WL 6817488, at *7.  However, "[s]ection 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004.  While the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a helpful starting point to determine whether extraordinary and compelling reasons exist.

As relevant here, the application notes to § 1B1.13 provide detailed criteria to determine whether a "medical condition of the defendant" warrants a sentence reduction.  This may occur under the guidelines when:

> (i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . .  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii)    The defendant is—
> > (I)      suffering from a serious physical or medical condition,
> > (II)     suffering from a serious functional or cognitive impairment, or
> > (III)    experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Rice is housed at USP-Hazelton.  He reports that officials there have implemented modified procedures in an effort to stop the spread of COVID-19.[2]  Rice alleges that the modified procedures allow for only 90 minutes outside his cell per week.  He contends that the isolation resulting from this restriction is detrimental to his mental health, particularly in light of his diagnoses of anxiety and depression.  He also alleges that, due to the facility's COVID-19 precautions, he has been unable to seek outside treatment for his left hand neuropathy and glaucoma.

The defendant has not provided any medical documentation in support of these diagnoses.  Regardless, limited time outside an inmate's cell due to COVID-19 precautions does not constitute extraordinary and compelling reasons under § 3582(c)(1)(A).  *See United States v. Carlisle*, 2020 WL 6586250, *4 (S.D. Ala. Nov. 10, 2020); *United States v. Zehner*, 2020 WL 3057759, *2 (S.D.N.Y. June 8, 2020).  Rice's arguments based on the alleged effects of solitary confinement are unavailing since there is no indication that he has been placed in solitary confinement.  Further, Rice's suggestion that he may "decompensate[e] to the point [he] may become incompetent," is entirely speculative and without any support in the record.

Rice also argues that he has radial nerve damage in his left hand.  [Record No. 69, p. 6]  According to Rice, he was scheduled to undergo surgery in February 2020, but the procedure was canceled due to the COVID-19 pandemic.  He additionally alleges that an eye exam to address his glaucoma was delayed until October 2020, at which time he was prescribed medication "to slow the progress of his glaucoma."  Rice goes on to make the conclusory

---

[2]     To the extent Rice seeks release based on general concerns associated with contracting COVID-19, this does not constitute an extraordinary and compelling reason for a sentence reduction.  *See United States v. Cundiff*, 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020).

allegation that "without the proper eye care [he] will surely be subjected to irreparable damage to his eyes. . . ." *Id.*

Put simply, Rice does not allege that he is suffering from any serious medical condition that is not properly addressed by the BOP. To the extent Rice challenges his conditions of confinement, a motion for compassionate release is not the proper vehicle to raise these concerns. *See Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004). Accordingly, the defendant has failed to establish that extraordinary and compelling circumstances warranting a sentence reduction exist.

## B.      The § 3553(a) Factors

The Court also considers whether the factors enumerated under 18 U.S.C. § 3553(a) weigh in favor of reducing the defendant's sentence. These factors include the nature and circumstance of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to provide deterrence, and to protective the public from further crimes; and the need to avoid unwarranted sentencing disparities.

The nature and circumstances of Rice's offense are very serious. Police officers in Covington, Kentucky received a complaint of an individual armed with a gun. Officers observed the defendant on July 11, 2009, and matched him with the description in the complaint. Rice began to run when officers attempted to make contact. Then, when given specific instructions to stop, Rice continued to run and placed his hands into his waistband. One of the officers deployed his Taser and the defendant fell to the ground. At that time, a Ruger 9mm pistol fell from Rice's waistband, leading to the defendant's conviction in the instant matter.

Rice's history and characteristics are troubling, as noted during the defendant's sentencing hearing,.  Beginning at age 18, the defendant has accrued a long list of criminal convictions for assault and controlled substance violations.  His criminal history shows a significant lack of respect for the law.  The defendant also displayed this lack of respect upon his arrest for the instant offense when he exposed himself to numerous individuals and urinated on the floor of the intake room at the Kenton County Jail.

A substantial sentence is needed to reflect the seriousness of the offense and to deter the defendant and others.  The defendant's history of state-court convictions reveal that the relatively light sentences imposed did little to deter the defendant from future criminal conduct.  Even the 92-month sentence imposed in Covington Criminal Action 2: 01-061 was insufficient to deter the defendant from further criminal activity.[3]  Less than one year after commencing his term of supervised release in that matter, the defendant was arrested for the instant offense.  These factors indicate that a lengthy sentence also is needed to protect the public from the defendant's future crimes.

Rice was subject to a mandatory minimum sentence of 15 years' imprisonment pursuant to 18 U.S.C. § 924(e)(1).  He also was deemed an Armed Career Offender under § 4B1.4 of the Sentencing Guidelines, which increased his offense level to 33.  Combined with his criminal history category of VI, this produced an advisory guidelines range of 235 to 293 months.  The Court noted at sentencing that the defendant appears to be very intelligent and is capable of changing his life for the better.  Considering all of the factors under § 3553(a), Rice

---

[3]      On February 8, 2002, a jury convicted Rice of five counts of distributing cocaine base.  He was sentenced to 110 months' imprisonment, to be followed by six years of supervised release. [Covington Criminal No. 2:01-CR-061]  His sentence was later reduced to 92 months' imprisonment based on retroactive amendments to U.S.S.G. § 2D1.1.

was sentenced to the bottom of the applicable range.  Reducing Rice's sentence below the guidelines range would not serve the purpose of avoiding unwarranted sentencing disparities or any of the other factors under § 3553(a).

**II.**

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 69] is **DENIED**.

Dated: December 15, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky